EMILE BIRDSALE v. ISAAC M. LAKEY.

The plaintiff sued the defendant to annul a sale made to him by his father-in-law, about a month before the death of the latter, upon the grounds of the insolvency of the father-in-law at the time of the sale, and that the sale was fraudulent, having been made without consideration. The insolvency of the father-in-law was proved. *Held:* That the defendant was bound to prove the consideration, and having failed to do so, the sale was null.

A PPEAL from the District Court of St. Martin, *Voorhies,* J.  J. G. *Olivier,*
for plaintiff.  *E. Simon,* for defendant.  The judgment of the court was
pronounced by

EUSTIS, C. J.  This suit is brought by the plaintiff, who is a creditor of the
succession of the late *David Bell,* of the Parish of St. Martin, for the purpose
of subjecting to the payment of the judgment obtained on her debt, certain slaves
which belonged to said *David Bell,* and which the petition charges were sold
and conveyed to the defendant.  It charges, that the sale was made to defraud
the creditors of said *David Bell;* that no consideration was given for the slaves,
and that the said *Bell,* at the time of the sale, was insolvent, and that the said
sale was simulated, the defendant being then the son-in-law of the deceased.

The answer sets up ownership of the slaves in the defendant, avers that he
acquired them for a valuable and legal consideration, which he will show if ruled
by the court so to do, but denies that the plaintiff has any right to require from
him such proof, and, also, all the allegations in the plaintiff's petition.  There
was judgment that the plaintiff's demand be rejected, with costs, and the plaintiff
has appealed.  As to the form of this judgment, we have had occasion to remark
in the cases of *Marsh* and *Compton* v. *Perry,* and *Darby* v. *Miller.*

The administrator of *Bell's* succession was made a party to this suit, and it
appears that the plaintiff is a creditor by judgment of said succession, for the sum
of one thousand four hundred and twenty-four dollars and thirty-one cents, with
costs and interest stated in said judgment, bearing date the 7th day of April,
1849.  If a fraud has been practised upon the creditors, it is immaterial whether
it be by an undue and illegal preference given to the defendant by the transfer
of the slaves in the payment of a debt, or whether the sale was a mere simula-
tion, without price, consideration or reality.  The result to the defendant, in both
cases, is the same.

The act of sale of the slaves from *Bell* to the defendant purports to have been
passed at the Parish of St. Martin, on the 10th of May, 1848.  The considera-
tion purports to have been the sum of three thousand dollars to the vendor, paid
in ready money, the receipt of which is acknowledged, and acquittance granted.
The purchaser dispensed with the production of a certificate of an hypotheca-
tion of the slaves, acknowledging the existence of a single mortgage for the sum
of $1500, a debt due by the vendor to his son, *Samuel R. Bell.  David Bell*
died previous to the third of June, 1848, so that the act was within a month of
the day of his death.  Of the insolvency of *Bell,* at the time of the execution of
this act, there can be no question, any more than of the insolvency of his suc-
cession.  In January preceeding the sale, *Bell* removed from his plantation at
Bayou Chêne to St. Martinsville.  The defendant, his son-in law, took possession
of, and managed the plantation on *Bell's* removal, and his family made it their
home.

No evidence whatever has been offered, by the defendant, of the consideration
of the alleged sale of the slaves under which he claimed to hold them, although
the absence of any consideration is charged in the petition, and the defendant's
readiness to establish a just and valuable consideration has been averred in his
answer if he should be bound to prove it.  The death of *Bell* must be considered
as the time of his declared insolvency, and the act of sale was within a month
previous.  We think the burthen of proof was upon the defendant to show the
reality and *bonâ fides* of the sale.  Act of 1817, relating to insolvent debtors,
section 24.  Code, 1975, 1976 *et seq.*

BIRDSALE
v.
LAKEY.

The attending circumstances of this transaction between *Bell* and the defendant, force upon us the conviction, that the sale was a mere simulation for the purpose of effecting a fraud. The debt of $1500, secured by a mortgage to his son, is not without its weight in strengthening our convictions. Nor can we believe, from the relations existing between the parties, that the defendant was ignorant of the pecuniary situation of his father-in-law.

It is therefore decreed, that the judgment appealed from be reversed; that the act of the 10th of May, 1848, passed between *David Bell* and the defendant, purporting to contain a sale of slaves mentioned therein, be declared null and void, and of no effect; and that the slaves, *Benjamin*, *Sandy*, *Dennis*, *Claris*, a female, and *Fanny*, a female, with her two children, *Rose*, a female, and *Ben*, a boy, be subjected to the plaintiff's judgment, interest and costs, and that the defendant pay costs in both courts.